UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY BOHNAK and JANET LEA SMITH,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MARSH & MCLENNAN COMPANIES, INC., et al.,

Defendants.

Case No. 21-CV-6096-AKH

[PROPOSED] STIPULATED
PROTECTIVE ORDER

---

ALVIN K. HELLERSTEIN, United States District Judge:

WHEREAS the parties to this action (collectively, "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "**CONFIDENTIAL**" (hereinafter "Confidential Discovery Material") or "**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**" (hereinafter "Attorneys' Eyes Only Discovery Material") pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. The producing party may designate Discovery Material as "**CONFIDENTIAL**" if the public disclosure of such Discovery Material is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing party and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. The producing party may designate Discovery Material as "**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**" if such material contains information that is:

(a) other purported class members' Personally Identifying Information ("PII") (*e.g.*, Social Security numbers and financial account numbers); and

(b) information about Defendants' cyber security program, including information about the configuration(s) of Defendants' computer networks.

If a Party discovers a different category of Attorneys' Eyes Only Material, the Party shall notify opposing counsel, mark all documents in this category "**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**," and give the other Party 7 days to object. If the Parties are unable to reach an agreement concerning the category of Attorneys'

Eyes Only Material, they shall raise the dispute in accordance with Rule 2.E of the Court's Individual Rules.

4. With respect to Discovery Material other than deposition transcripts and exhibits, the producing party may designate the material by marking the material **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"** in a manner that will not interfere with legibility or audibility. The producing party may produce another copy of said Discovery Material for future public use with the confidential information redacted.

5. With respect to deposition transcripts, counsel may designate the whole or a portion as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY** either by (a) indicating on the record during the deposition that the transcript will be designated as **CONFIDENTIAL**; (b) indicating on the record during the deposition that a question calls for **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY** information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (c) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing party or that person's counsel by the reporter.

6. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY** under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as **CONFIDENTIAL** to any other person whomsoever, except to:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. No person subject to this Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY** to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) in-house counsel of the receiving party, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(f) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Prior to any disclosure of any Confidential Discovery Material to any person, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material or Attorneys' Eyes Only Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 30 days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4 of the Court's Individual Rules of Practice. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. The parties will use their best efforts to minimize such sealing.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material or the Attorneys' Eyes Only Discovery Material.

16. Each person who has access to Discovery Material that has been designated as **CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY** shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any PII exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. If the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

18. Pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this litigation, a party discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Protected Information and its subject matter.

19. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Protected Information.

20. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**," and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

21. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Tiana Demas, Cooley LLP
*Attorneys for Defendants*

Dated: December 20, 2023

John Yanchunis, Morgan and Morgan, P.A.
*Attorneys for Plaintiffs*

Dated: January 29, 2024

**SO ORDERED.**

ALVIN K. HELLERSTEIN
United States District Judge

Dated: Jan 31, 2024
New York, New York