UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
NANCY BOHNAK,                                                  :
on behalf of herself and all others similarly                  :    **ORDER GRANTING MOTION**
situated,                                                      :    **TO STRIKE CLASS**
                                                               :    **ALLEGATIONS**
                              Plaintiffs,                      :
         -against-                                             :    21 Civ. 6096 (AKH)
                                                               :
MARSH & MCLENNAN COS., INC and                                 :
MARSH & MCLENNAN AGENCY LLC,                                   :
                                                               :
                              Defendants.                      :
                                                               :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendants move to strike Plaintiff's class allegations, alleging that the allegations are precluded by a waiver executed by Ms. Bohnak in 2014. The Court agrees.

      Ms. Bohnak is a former employee of defendant Marsh & McLennan Companies ("MMC"). Following the termination of her employment with MMC in 2014, Bohnak executed a Waiver and Release Agreement, which entitled her to an enhanced severance package. One of the terms of this agreement stipulated that Bohnak "acknowledge[d] and agree[d] that [she] waive[d] any right to participate in any class or collective action against the Company and Releasees, or any of them." ECF No. 63, Ex. A. The agreement did not prevent Bohnak from suing in her own right for non-released or future causes of action. In 2021, Bohnak filed this suit, pursuing class action relief for MMC's data breach, alleging that Bohnak and class members' sensitive personal identifying information was hacked.

      On motion of the defendants, I dismissed the Complaint for failure to plausibly allege damages, and therefore for lack of standing, but the Court of Appeals reversed. The defendants then answered, alleging, in addition to denials, the defense of waiver. The parties also filed a

1

case management plan and a stipulation to regulate discovery of electronically stored information (ECF No. 58), and some discovery followed. Defendants moved to strike the class allegations because of Ms. Bohnak's waiver, which defendants state was recovered during discovery. ECF No. 61.

Striking class allegations can be appropriate "where a contractual waiver clearly precludes the possibility that a plaintiff's claim may be brought on a class-wide basis." *Haymount Urgent Care PC v. GoFund Advance, LLC*, 635 F. Supp. 3d 238, 240-41 (S.D.N.Y. Oct. 12, 2022). The 2014 agreement executed by Bohnak waiving class or collective relief is precisely such a contractual waiver. It is a valid, enforceable contract for which Bohnak received the benefit of her bargain—an enhanced severance package—and thus, it limits her ability to seek class-wide relief. Moreover, these types of class action waivers have been routinely held enforceable by New York courts. *See, e.g.*, *Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 190, 191 (1st Dep't 2004). I therefore agree with MMC's arguments and find that the class allegations are barred by the parties' 2014 waiver agreement.

Plaintiff complains that MMC's motion to strike came late. However, MMC had alleged an affirmative defense of waiver in its Answer, thus giving notice. *See* ECF No. 52 at 57. The present motion to strike did not have to be made when the defendants moved to dismiss the Complaint. *See* Fed. R. Civ. P. 12(b). MMC represents that Bohnak's severance agreement was found recently, just prior to the motion, and no prejudice has been shown.

Defendants' motion to strike the class allegations is granted, and the case may continue with Bohnak as an individual plaintiff. Plaintiff shall file an amended complaint conforming to this order by September 16, 2024. The parties shall appear for a revised case management conference, to be held by telephone, on September 20, 2024 at 10:00 a.m. The Clerk shall terminate ECF No. 61.

SO ORDERED.

Dated:  August 29, 2024
        New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge