UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
NANCY BOHNAK, :
on behalf of herself and all others similarly :
situated, :
:
Plaintiff, :
-against- :
:
MARSH & MCLENNAN COS., INC and :
MARSH & MCLENNAN AGENCY LLC, :
:
Defendants. :
:
------------------------------------------------------------- X

**ORDER GRANTING SUBSTITUTION OF CLASS REPRESENTATIVE AND DENYING MOTION TO DISMISS**

21 Civ. 6096 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  I grant Plaintiff Nancy Bohnak's unopposed motion to substitute Shantel Jones as class representative in this case.

  "[A] class has a legal status separate from the named plaintiff, thus, should the class representative become inadequate, substitution of an adequate representative is appropriate to protect the interests of the class." *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (WHP), 2005 U.S. Dist. LEXIS 31251, at *9-*10 (S.D.N.Y. Dec. 7, 2005). Thus, "courts not only may, but *should*, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative" especially when "the reason for mootness has only individual rather than classwide impact." *In re Nat'l Austl. Bank Sec. Litig.*, 03 Civ. 6537 (BSJ), 2006 U.S. Dist. LEXIS 94163, at *12-*13 (S.D.N.Y. Nov. 8, 2006) (emphasis in original) (citation omitted).

  Here, Bohnak's inability to satisfy the amount in suit requirement, based on her individual severance agreement with Defendants, is unique to her, and is not necessarily

1

applicable to the rest of the class. Accordingly, I grant the motion to substitute the class representative.

Defendants previously moved to dismiss this case for lack of jurisdiction, averring that Bohnak could not meet the statutory amount-in-suit requirement. *See* ECF No. 79; 28 U.S.C. § 1332(a). Since I grant the motion to substitute Jones as class representative in Bohnak's place, I deny Defendants' motion to dismiss as academic.

Jones shall file her amended complaint within 21 days of the entry of this order.

I need not, and will not, provide an advisory opinion concerning the propriety of including Bohnak as a named plaintiff in an amended complaint that has yet to be filed. *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).

The Clerk of Court shall terminate ECF Nos. 79 and 82.

SO ORDERED.

Dated:    February 24, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge